# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

---

**In Re:**

SKIPPER T. MORTON and
MEGAN J. MORTON,

**Debtors.**

**Bankruptcy Case
No. 08-40166-JDP**

---

NICKLAUS MORRARTY,

**Plaintiff,**

vs.

SKIPPER T. MORTON and
MEGAN J. MORTON, d.b.a
All Star Angus,

**Defendants.**

**Adv. Proceeding No. 08-8046**

---

### MEMORANDUM OF DECISION

---

**Appearances:**

Ryan Lewis, Pocatello, Idaho, appearing for Alan Browning, CURTIS AND BROWNING, Idaho Falls, Idaho, Attorney for Plaintiff.

MEMORANDUM OF DECISION - 1

Robert J. Maynes, Idaho Falls, Idaho, Attorney for Defendants.

## Introduction

On September 30, 2009, the Court conducted a consolidated hearing on the motions for attorneys' fees and costs filed by Plaintiff Nicklaus Morrarty ("Morrarty") and Defendants Skipper and Megan Morton ("Mortons"). Docket Nos. 83, 85. Counsel for the parties appeared at the hearing and offered legal arguments, after which the Court took the motions under advisement. Having now reviewed the record, the arguments of the parties, and the applicable law, this Memorandum disposes of both motions.[1]

## Facts

The Mortons filed a chapter 12[2] petition on March 6, 2008. In their schedules, they list Morrarty as one of their creditors, based on his claim

---

[1] This Memorandum sets forth the Court's findings of fact, conclusions of law and reasons for its decision. Fed. R. Bankr. P. 7052, 9014.

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 - 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 - 9037.

MEMORANDUM OF DECISION - 2

that the Mortons breached a contract with him to sell him cattle. The Mortons scheduled the amount of Morrarty's claim as zero, and labeled it contingent, unliquidated, and disputed.

Thereafter, Morrarty filed a proof of claim for a total of $429,952.60, a portion of which he alleged was secured.[3] Morrarty also commenced this adversary proceeding against the Mortons, alleging that his claim for damages against them should be excepted from discharge under §§ 523(a)(2), (a)(4), and (a)(6). The Mortons filed a counterclaim against Morrarty, in which they objected to both the amount and the secured status Morrarty's claim.

Following a trial, the court issued a decision in the adversary proceeding in which it found that Skipper Morton had indeed defrauded Morrarty by agreeing to sell cattle to him which Skipper had no legal right to sell. Based upon the evidence, the Court determined that the amount of Morrarty's damages, as a result of this fraud, was $216,904, and concluded

---

[3] Morrarty claimed that $168,952.60 of the total claim was secured, and indicated that the balance, or $261,000, was an unsecured nonpriority claim.

MEMORANDUM OF DECISION - 3

that this claim was excepted from discharge by Skipper Morton pursuant to § 523(a)(2)(A). However, because the Court found that Megan Morton was not a party to the contract, and because there was no evidence that she participated in any fraudulent conduct, the Court concluded that Morrarty's claim for damages as against Megan Morton was subject to discharge.

The Court also denied Morrarty relief against Mortons under §§ 523(a)(4) and (a)(6), finding that Morrarty had failed to satisfy his burden of proof. With respect to the Mortons' counterclaim, the Court held that no portion of Morrarty's claim was secured, and that the total amount thereof was not $429,952.60 as alleged in the proof of claim, but was instead $216,904. This amount was allowed as a nonpriority, unsecured claim, subject to treatment and payment under the terms of the Mortons' confirmed chapter 12 plan.

After the decision was entered, but prior to entry of judgment, Morrarty filed a motion seeking an award of attorneys' fees and costs, together with a supporting memorandum and affidavits. Docket Nos. 81-

MEMORANDUM OF DECISION - 4

83. The Mortons objected to Morrarty's motion, and filed their own motion for attorneys' fees and costs, with a supporting memorandum and affidavit. Docket No. 84-86. Morrarty objected to that motion. Docket No. 88.[4] On September 21, 2009, judgment was entered by the Court, granting the relief as explained above. Docket No. 91. As noted above, the hearing on both motions took place on September 30, 2009.

**Discussion**

I.

The Mortons and Morrarty each claim that they are prevailing parties, and entitled to attorneys' fees pursuant to Idaho Code § 12-120(3). This statute provides:

> (3) In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

---

[4] Morrarty also filed what appears to be an identical document at Docket No. 89, though it has a different description on the docket entry. This document was filed only three minutes after the first objection to the Mortons' motion.

MEMORANDUM OF DECISION - 5

Idaho Code § 12-120(3). To recover attorneys' fees under this statute, this Court has held that one must be a "prevailing party" and the gravamen of the litigation must deal with a "commercial transaction." *Kilborn v. Haun*, 08.4 I.B.C.R. 155, 158 (Bankr. D. Idaho 2008). The parties concede that the cattle sale agreement between Morrarty and Skipper Morton does indeed qualify as a commercial transaction under this statute, and that this transaction was the gravamen of their dispute. Their theories diverge, however, with respect to who prevailed in the litigation.

"The determination of who is a prevailing party in an action, for the purpose of receiving an award of attorney fees, is committed to the sound discretion of the trial court." *J.B. Constr., Inc. v. King (In re King)*, 09.1 I.B.C.R. 32, 33 (Bankr. D. Idaho 2009) (citing *Decker v. Homeguard Systems*, 666 P.2d 1169, 1172 (Ct. App. Idaho 1983)). Such a determination should not be made on an individual claim-by-claim analysis, but rather from an overall view of the entire litigation. *In re Haun*, 08.4 I.B.C.R. at 158 (citing *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 117 P.3d 130, 133 (Idaho 2005)).

MEMORANDUM OF DECISION - 6

In this action, Morrarty succeeded in part on his claims for relief. Although the Court found that his exception to discharge claims under §§ 523(a)(4) and (a)(6) lacked merit, the Court determined that he was defrauded by Skipper Morton, and that the damages flowing from that conduct constituted a nondischargeable claim against Skipper Morton pursuant to § 523(a)(2).

Skipper Morton also prevailed in part, in the sense that he received some of the relief he was seeking from the Court. Though he could not defeat Morrarty's § 523(a)(2) fraud claim, Skipper repelled Morrarty's §§ 523(a)(4) and (a)(6) claims. He was also successful in large part in his counterclaim. Morrarty's secured claim was completely disallowed, and the unsecured portion was substantially reduced.

When the outcome of this action is viewed in this fashion, it is apparent that both Morrarty and Skipper Morton won some of their battles, but lost others. Therefore, in the exercise of its discretion, as between Morrarty and Skipper Morton, the Court concludes that neither was the prevailing party, and neither will be entitled to attorneys' fees,

MEMORANDUM OF DECISION - 7

under Idaho Code § 12-120(3).

Unlike the others, however, Megan Morton received nearly all of the relief that she was seeking. She, too, was successful in her counterclaim against Morrarty. More importantly, she successfully defended against Morrarty's arguments that, with regard to her, his debt should be excepted from discharge under §§ 523(a)(2), (a)(4), and (a)(6). As a result, a more persuasive argument can be made that Megan Morton was a prevailing party.

Even if she did prevail in this action, however, the Court must still consider what amount of fees Megan Morton has shown she should recover from Morrarty. *See Hopkins v. Saratoga Holdings, LLC (In re Colvin)*, 08.2 I.B.C.R. 63, 66 (Bankr. D. Idaho 2008) (citing *P.O. Ventures, Inc. v. Loucks Family Irrevocable Trust*, 159 P.3d 870 (Idaho 2007) (holding that the amount of fees awarded is subject to the court's discretion)).

Megan and Skipper Morton were represented by the same attorney. The Court has declined to award any attorneys' fees to Skipper Morton, because it concludes he was not a prevailing party. Arguably, though, if

MEMORANDUM OF DECISION - 8

any of the services rendered by the Mortons' attorney were performed solely for Megan Morton's benefit, the fees for those services could be recovered under Idaho Code § 12-120(3).

As might be expected, and based upon the description of his services by Mortons' attorney, it appears likely that most, if not all, of them were performed for the joint benefit of both of his clients. Indeed, counsel acknowledges in his affidavit that the services he rendered were "on behalf of the Defendants and Counterclaimants[.]" Docket No. 86 at ¶ 3. Even so, while protecting Megan Morton from an attack on her discharge would seemingly inure to Skipper Morton's benefit, the possibility exists that some of counsel's services were rendered solely for Megan Morton.

In this case, the Court declines to sift through each entry in counsel's time records in an attempt to divine whether that particular service inured to the behalf of both of his clients, or whether it was performed solely for Megan Morton. Absent better information about the services, such an effort by the Court would likely involve more speculation than logic. In the end, it is counsel's burden to show that this client is entitled to recover

MEMORANDUM OF DECISION - 9

fees. To the extent that burden has not been met, the Court elects to exercise its discretion to deny fees.

Mortons also request attorneys' fees under Idaho Code § 12-121 on behalf of Megan Morton, to the extent that Morrarty's complaint was brought and pursued frivolously, unreasonably, or without foundation as against her. Idaho Code § 12-121 provides:

> In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees. The term "party" or "parties" is defined to include any person, partnership, corporation, association, private organization, the state of Idaho or political subdivision thereof.

*Id.* This statute is limited by Rule 54(e)(1) of the Idaho Rules of Civil Procedure, which states "attorney fees under section 12-121, Idaho Code, may be awarded by the court only when it finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation." Idaho R. Civ. P. 54(e)(1); *see also, In re Haun*, 08.4 I.B.C.R. at 157. An award under this statute "is not a matter of right to the prevailing party, but is appropriate only when the court, in

MEMORANDUM OF DECISION - 10

its discretion, is left with the abiding belief that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation." *Thomason Farms, Inc. v. Thomason (In re Thomason)*, Adv. Proc. No. 04-6134-JDP, Doc. No. 240 (Bankr. D. Idaho Dec. 7, 2006) (quoting *McGrew v. McGrew*, 82 P.3d 833, 844 (Idaho 2003)).

In this action, even if the Court were left with the abiding belief that Morrarty's claims against Megan Morton were frivolous, unreasonable, or without foundation, her right to recover attorneys' fees suffers from the same deficiency as her claim under Idaho Code § 12-120(3), in that the Court can not determine which attorney services were performed solely on her behalf. Accordingly, in the exercise of its discretion, the Court also declines to award attorneys' fees under Idaho Code § 12-121.

II.

Costs are a procedural matter and are taxed under LBR 7054.1. *In re Haun*, 08.4 I.B.C.R. at 160; *In re Colvin* 08.2 I.B.C.R. at 67; *Oldemeyer v. Couch-Russell (In re Couch-Russell)*, 04.1 I.B.C.R. 9, 11 (Bankr. D. Idaho 2004). The local rule provides, in part:

MEMORANDUM OF DECISION - 11

> Within fourteen (14) days after entry of judgment[5] under which costs may be claimed, the prevailing party may serve and file a cost bill in the form prescribed by the court, requesting an itemized taxation of costs. The cost bill must itemize the costs claimed and be supported by a certificate of counsel that the costs are correctly stated, were necessarily incurred and are allowed by law.

LBR 7054.1(a). Under this rule, taxable costs include: clerk's fees and service fees; costs of trial or other transcripts if requested by the Court or prepared pursuant to stipulation; deposition costs; witness fees, mileage and subsistence; costs of reproducing exhibits; costs of maps, diagrams and charts; and other costs with prior court approval. LBR 7054.1(c); *In re Haun*, 08.4 I.B.C.R. at 160. To aid attorney compliance with this rule, a

---

[5] As explained above, both motions for attorneys' fees and costs were filed prior to the entry of judgment. As such, an award of costs could be considered premature. Counsel for the Mortons recognized this, but noted in the objection to Morrarty's request for fees and costs, that his own request "should be filed in the immediate future to allow for review concurrently with [Morrarty's] request[.]" Docket No. 84. Under these circumstances, the Court therefore deems the Mortons to have consented to any premature consideration of Morrarty's request. *See In re Haun*, 08.4 I.B.C.R. at 60, n. 26 (considering a request for costs prior to the entry of judgment pursuant to the parties' agreement).

MEMORANDUM OF DECISION - 12

form cost bill accompanies the local rule.[6] Neither party utilized that form.[7]

As explained above, neither Morrarty nor Skipper Morton clearly established that they were prevailing parties, and as such, neither are entitled to costs under LBR 7054.1. Megan Morton, on the other hand, was a prevailing party. But, here again, because costs were not segregated as between those incurred for Megan Morton and Skipper Morton, it is impossible for the Court to determine, without engaging in guesswork,

---

[6] This form is available on the Court's website at http://www.id.uscourts.gov.

[7] While this approach is not fatal, the Court has noted several common deficiencies when attorneys elect to "reinvent the wheel." One such example is failure to include a certification that the costs are correctly stated, were necessarily incurred, and are allowed by law. *See, e.g., In re Haun*, 08.4 I.B.C.R. at 160; *In re Colvin* 08.2 I.B.C.R. at 67. Here, neither of the parties made such a certification using the correct language of the local rule. In his affidavit, counsel for the Mortons indicated that "[s]uch fees and costs were actual amounts incurred as a part of the necessary defense on behalf of Megan Morton and prosecution of the Counterclaim on behalf of this bankruptcy estate." Docket No. 86 at ¶ 4. Counsel for Morrarty indicated that "[t]o the best of the Plaintiff's knowledge and belief the items are correct and that the costs claimed are in compliance with this I.R.C.P. 54." Docket No. 81 at p. 2. Because the Court declines to award costs for other reasons, it need not address whether counsels' "certifications" are sufficient under LBR 7054.1.

MEMORANDUM OF DECISION - 13

which costs should properly be awarded to her. As such, the Court declines to award any costs to the parties.

## Conclusion

For the reasons stated herein, the Court declines to award attorneys fees or costs to the parties; both motions requesting such fees and costs will be denied. A separate order will be entered.

Dated: October 12, 2009

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 14